UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| VS. | § | CRIMINAL ACTION NO. 2:94-CR-40 |
| | § | |
| RUNAKO LINDSEY | § | |

## ORDER

Pending before the Court are two motions by Runako Lindsey, a motion to amend the judgment and correct credit for time served and a motion to correct the miscalculation in the guideline score in the offense level. D.E. 51, 52 (filed in 05-cr-310).[1] Both motions are DENIED.

Lindsey was sentenced in December 2005 in two federal cases. His supervised release was revoked from his 1994 conviction (94-410) and he was convicted of felon in possession of a firearm in the 2005 offense. D.E. 31. At sentencing, this Court orally imposed sentence, ordering Lindsey imprisoned for 36 months in the 1994 revocation matter, to run concurrently with his state imprisonment of five years. Id. (ERO 1:32:58/1:33:35). At the time of the sentencing hearing, Lindsey had been incarcerated by the State of Texas for approximately five months on his five year sentence. Lindsey was then sentenced to a low end guideline sentence of 92 months for his 2005 offense, to run consecutively to his 1994 sentence. Id. The 1994 judgment reflects this oral sentence. (94-410 D.E. 35).

Lindsey previously requested assistance from this Court on the proper calculation of his federal time and the credit he is to receive due to the concurrent serving of his state and 1994 convictions. In a previous order (D.E. 40), the Court advised him to work with the Bureau of Prisons on the calculation of his federal sentence and then, to the extent that he believed the BOP

---

[1] Lindsey filed his motion to amend judgment in both of his criminal cases. D.E. 47 (94-cr-40).

had improperly calculated either of his federal sentences or their starting dates, he must exhaust his administrative remedies with the Bureau of Prisons. Then and only then, could Lindsey file a motion pursuant to 28 U.S.C. § 2241 challenging the calculation of his sentence.[2] See Pack v. Yusuff, 218 F.3d 448, 451 (5th Cir. 2000) (a writ of habeas corpus pursuant to 28 U.S.C. § 2241 is the appropriate vehicle in which "a sentenced prisoner attacks the manner in which a sentence is carried out or the prison authorities' determination of its duration") (citations omitted); United States v. Gabor, 905 F.2d 76, 77-78 n.2 (5th Cir. 1990); United States v. Garcia-Gutierrez, 835 F.2d 585, 586 (5th Cir. 1998) (holding that claims for sentence credit to federal sentences are properly brought pursuant to § 2241). In 2006, the Clerk forwarded to Lindsey blank section 2241 forms.

Lindsey's present motion (D.E. 51) again requests that this Court determine his jail credit. At the Court's request, the United States Probation Department, in communication with the Bureau of Prisons, has determined that while Lindsey was in federal custody on his federal writ awaiting the conclusion of federal charges, he received state credit against his state sentence from August 2, 2005 through December 21, 2005.

To the extent that Lindsey believes that the Bureau of Prisons has incorrectly calculated the credit, this Court may not correct it in the first instance. Rather, the Bureau of Prisons, as delegated by the Attorney General of the United States, has the authority and responsibility to do so. See United States v. Wilson, 503 U.S. 329, 332-34 (1992) (interpreting 18 U.S.C. 3585(b)). "We agree [] that the Attorney General must continue to compute the credit under § 3585(b) as he did under the former § 3568." Id.

---

[2] A defendant is required to exhaust available administrative remedies through the Bureau of Prisons before litigating in federal court the matter of computation of sentence. United States v. Wilson, 503 U.S. 329, 335, 112 S. Ct. 1351, 1355 (1992).

>After a district court sentences a federal offender, the Attorney General, through the BOP, has the responsibility for administering the sentence. To fulfill this duty, the BOP must know how much of the sentence the offender has left to serve. Because the offender has a right to certain jail-time credit under § 3585(b), and because the district court cannot determine the amount of the credit at sentencing, the Attorney General has no choice but to make the determination as an administrative matter when imprisoning the defendant.

Id. at 335.

Because Lindsey has not exhausted his administrative remedies, Lindsey's motion (D.E. 51, 05-cr-310, D.E. 47, 94-cr-40) is DENIED without prejudice to a subsequent § 2241 writ. If after he has exhausted his administrative remedies, Lindsey's concerns are not resolved, he may then file a § 2241 writ with the district court in the judicial district in which he is incarcerated. For example, if Lindsey is still incarcerated in the federal prison in Beaumont at the time he files his § 2241 writ, he must file his writ in the Eastern District of Texas. See Blau v. United States, 566 F.2d 526, 527 (5th Cir. 1978) (per curiam) (citing Braden v. 30th Judicial Circuit Court, 410 U.S. 484 (1973)).

As to Lindsey's motion to correct the alleged miscalculation of his offense level, Lindsey filed a post-conviction motion in December 2006, in which he previously raised this ground. D.E. 39. That motion was denied by Order dated December 22, 2006. D.E. 40. The Court will not revisit that issue. The motion (D.E. 52) is DENIED.

SIGNED and ORDERED this 4th day of December, 2012.

_____
Janis Graham Jack
Senior United States District Judge